UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                                      NO. 14-76

TORREY LEDELL DAVIS                        SECTION "R" (5)

## ORDER AND REASONS

Before the Court is defendant Torrey Ledell Davis's motion for compassionate release.[1]  The Government opposes the motion.[2]  For the following reasons, the Court denies Davis's motion.

## I.    BACKGROUND

On November 5, 2015, Torrey Ledell Davis pleaded guilty to one count of interstate transportation of a minor for the purpose of engaging in sexual activity, in violation of 18 U.S.C. § 2423(a).[3]  According to the factual basis that Davis signed, on November 26, 2012, he drove a sixteen-year-old victim from Jackson, Mississippi to his residence in Metairie, Louisiana for the

---

[1]    R. Doc. 73.
[2]    R. Doc. 77.
[3]    R. Doc. 60.

purpose of training her to work as a prostitute.[4]  On April 6, 2016, the Court sentenced Davis to 121 months of imprisonment, followed by ten years of supervised release.[5]  Davis is currently incarcerated at Yazoo City Low, FCI in Mississippi, with an expected release date of March 12, 2023.[6]

On March 11, 2021, Davis moved for compassionate release.[7]  He represents that he suffers from hypertension, which puts him "at great risk" of contracting COVID-19, and "diminish[es] his chances of surviving the novel virus."[8]  The Government opposes defendant's motion, arguing that defendant has not demonstrated that he exhausted his administrative remedies,[9] that he still poses a significant danger to his community,[10] and that he fails to show he suffers from a medical condition that would provide an "extraordinary and compelling reason" for compassionate release.[11]  The Court considers defendant's motion below.

---

[4]     R. Doc. 61 at 2.

[5]     R. Doc. 72.

[6]     *See* Fed. Bureau of Prisons, *Find an Inmate* (2021), https://www.bop.gov/inmateloc.

[7]     R. Doc. 73.

[8]     *Id.* at 2.

[9]     R. Doc. 77 at 10-12.

[10]    *Id.* at 19-21.

[11]    *Id.* at 12-19.

## II.  DISCUSSION

### A.  Compassionate Release

As a threshold matter, the Court finds that Davis has not satisfied the exhaustion requirement for compassionate release.  The statute provides that a district court may grant a defendant's motion for compassionate release only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or after 30 days have passed "from the recipient of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).

Davis represents that he has "exhausted all remedies" because more than thirty days have passed since he requested relief from the warden at Yazoo City FCI.[12]  But Davis provides no documentation to support his claim of exhaustion.  Although the Government notes that Davis's Bureau of Prisons ("BOP") case manager thought Davis had requested relief from the warden, she was unable to confirm her recollection, and BOP staff were unable to locate any administrative requests supporting defendant's assertion.[13]  Accordingly, defendant has not met his burden of demonstrating

---

[12]     R. Doc. 73 at 1.
[13]     R. Doc. 77 at 10-11.

that he has exhausted his administrative remedies.  *United States v. Dinet*, No. 18-157, 2020 WL 4544482, at *2 (E.D. La. Aug. 6, 2020) (holding that a defendant's motion for compassionate relief was not "properly before th[e] Court," because although defendant claimed he exhausted his administrative remedies, he failed to present any evidence that a request was made to the warden of his facility).

Even if defendant had shown that he exhausted his administrative remedies, he has failed to show he meets the other requirements for compassionate release.  Upon a prisoner's motion, a court may, after considering the sentencing factors set out in 18 U.S.C. § 3553(a), grant compassionate release if it finds that "extraordinary and compelling reasons warrant such a reduction."  18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021) (holding that, in evaluating a motion by an inmate, rather than the BOP, the district court "is bound only by § 3582(c)(1)(A)(i)" and "the sentencing factors in § 3553(a)").

In evaluating defendant's motion, the Court must first "consider[] the factors set forth in section 3553(a) to the extent that they are applicable."  18 U.S.C. § 3582(c)(1)(A).  Here, the Court finds that the § 3553(a) factors do not support Davis's release.  Specifically, the Court finds that the "history and characteristics of the defendant," and the "seriousness of the offense"

4

militate against early release.  *See* 18 U.S.C. § 3553(a).  Defendant has a lengthy criminal history, including prior convictions for possession with intent to distribute cocaine, copyright infringement, armed robbery, and assault.[14]  Davis's instant offense involved transporting a minor across state lines in order to train her to perform sex work.[15]  In addition to teaching the minor how to perform sex work, Davis also took sexually suggestive photographs of the minor, which he used to create an online prostitution advertisement featuring her picture.[16]  Given defendant's criminal history and the nature of the instant offense, granting his motion for compassionate release would not be consistent with the sentencing factors in § 3553(a).  *See Shkambi*, 993 F.3d at 393.

Furthermore, defendant has failed to demonstrate that there are "extraordinary and compelling reasons" meriting his release.  18 U.S.C. § 3582(c)(1)(A)(i).  In support of his motion, Davis asserts that he suffers from hypertension, which places him at high risk for death or serious illness if exposed to COVID-19.[17]  The Court finds that Davis's health concern, combined with his generalized fear of COVID-19, do not constitute

---

[14]  R. Doc. 68 at 9-14.
[15]  R. Doc. 61 (Factual Basis).
[16]  *Id.* at 2-3.
[17]  R. Doc. 73 at 2.

"extraordinary [or] compelling reasons" warranting compassionate release. The Centers for Disease Control and Prevention (CDC) lists "hypertension" as an underlying medical condition that *may* lead to an increased risk of severe illness if one were to contract COVID-19.[18]  However, Davis's alleged hypertension is not a medical condition that makes Davis's case "extraordinary." *See United States v. Thompson*, 984 F.3d 431, 434 (5th Cir. 2021) (affirming the district court's denial of compassionate release for a defendant who suffered from hypertension, high cholesterol, and had previously suffered a stroke, noting that "nearly half of the adult population in the United States suffers from hypertension").

Moreover, defendant provides no support for his assertion that he suffers from hypertension.  Instead, his medical records from as recently as February 23, 2021, explicitly note that defendant does *not* have hypertension.[19]  However, defendant's doctor did note that he suffers from

---

[18]     Ctrs. for Disease Control & Prevention, *People with Certain Medical Conditions* (Aug. 20, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html ("Having heart conditions such as heart failure, coronary artery disease, cardiomyopathies, and possibly high blood pressure (hypertension) *can make you more likely* to get severely ill from COVID-19.").

[19]     R. Doc. 77-2 at 1 ("No: . . . Hx Hypertension.").

"hyperlipidemia/pre-diabetes."[20]  According to the CDC, diabetes can lead to an increased risk of severe illness if one were to contract COVID-19.[21]  But defendant's medical records make clear that he is not diabetic, and that his inflated blood glucose level barley puts him in the "pre-diabetic" category.[22] As to defendant's diagnosis of hyperlipidemia, the Fifth Circuit has noted that high cholesterol is "commonplace" and therefore not "extraordinary." *See Thompson*, 984 F.3d at 434.

Defendant further asserts that "several inmates have been stricken by the disease, d[ue] to the undertrained staff and administration."[23]  However, the BOP is in the process of administering COVID-19 vaccines to inmates and staff.  As of October 6, 2021, 370 staff members and 2,495 inmates at Yazoo City FCC have been fully vaccinated against COVID-19.[24]  *Cf. United States v. Wilfred*, No. 07-251, 2020 WL 4365531, at *5 (E.D. La. July 30, 2020)

---

[20]  *Id.* at 18 ("48 y/o male called for follow up ccc/hyperlipidemia/pre-diabetes.").

[21]  Ctr. For Disease Control & Prevention, *People with Certain Medical Conditions* (Aug. 20, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html ("Having either type 1 or type 2 diabetes *can make you more* likely to get severely ill from COVID-19.").

[22]  *See* R. Doc. 77-2 at 15 (finding defendant's "Hemoglobin ALC" to be 5.7, with the normal range being from "4.8-5.6," the prediabetes range being from "5.7 to 6.4," and the diabetes range being above 7.0).

[23]  R. Doc. 73 at 2.

[24]  Fed. Bureau of Prisons, *Covid-19* (Oct. 6, 2021), https://www.bop.gov/coronavirus/index.jsp.

(holding that defendant's concerns of COVID-19 do not warrant a reduction of his sentence because the "BOP is undertaking measures to curb the spread of COVID-19 and to limit the risk of inmates contracting it"); *United States v. Gibson*, No. 14-86, 2021 WL 3164176, at *2 (E.D. La. July 27, 2021) ("Courts have held that, once vaccinated, the efficacy of the COVID-19 vaccines preclude the argument that a prisoner's susceptibility to the disease is extraordinary and compelling for purposes of § 3582(c)(1)(A).").

And to the extent that Davis raises a generalized fear of COVID-19, such a reason does not warrant compassionate release. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release."); *Wilfred*, 2020 WL 4365531, at *5 ("[Defendant] has alleged only general concerns that the fact of being in a carceral setting raises the risk of COVID-19 infection. Numerous courts have concluded that such broad allegations do not warrant a sentence reduction under § 3582."). The Court thus finds compassionate release is unwarranted for Davis.

**B.   Transfer to Home Confinement**

Davis also requests that the Court order home confinement.[25]   The Court is unable to do so.   The decision to order home confinement is statutorily reserved to the Bureau of Prisons ("BOP").   *See* 18 U.S.C. § 3621(b) (providing that the "Bureau of Prisons shall designate the place of the prisoner's imprisonment" and that "a designation of a place of imprisonment . . . is not reviewable by any court"); *see also United States v. Voda*, 994 F.2d 149, 151 (5th Cir. 1993) ("[A] court may recommend that a sentence imposed under section 3621 be served in a particular prison or jail, but that only the Bureau of Prisons has the actual authority to designate the place of incarceration.").   Accordingly, the Court must deny Davis's request for home confinement.

---

[25]   R. Doc. 73 at 2 ("At a minimum petitioner request[s] this Court to grant him 'home confinement.'").

**C. CONCLUSION**

For the foregoing reasons, the Court DENIES defendant's motion for compassionate release.

New Orleans, Louisiana, this __7th__ day of October.

_____

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE